## Culver *v.* Mullally.

1. Where a sole plaintiff in the court below has a coplaintiff forced. upon him by an illegal amendment made at the instance of the opposite party, such coplaintiff is not a necessary party to a writ of error brought by the original plaintiff to review the judgment, more especially if the coplaintiff disclaimed at the trial all ownership and interest in the subject-matter of the litigation and asserted no interest whatever relatively to either party. If he would be a proper party to the writ of error, he could by amendment be made a co-party plaintiff in error.

2. In a statutory proceeding by affidavit of illegality in resistance to an execution founded on the foreclosure of a mortgage upon personalty, the mortgagor has no right, pending the cause, to have a third person made a co-party plaintiff with the mortgagee upon the alleged ground that he was a joint owner of the mortgage and equally entitled to collect from the mortgagor and had collected certain specified partial payments on the mortgage debt. The pleading act of 1887, which provides for making additional parties, has no application to such a proceeding.    *Judgment reversed.*
July 23, 1894.

Affidavit of illegality. Before Judge Hunt. Hancock superior court. August term, 1893.

A mortgage on personal property in favor of Culver against Mullally was foreclosed, May 3, 1893, for $500 principal, with interest and attorney's fees. Mullally interposed an affidavit of illegality, June 6, 1893, alleging that $378 had been paid T. R. Lamar on the mortgage, and tendering the balance to the sheriff. On the same day the sheriff acknowledged receipt of $122 from Mullally upon the *fi. fa.* At the trial Mullally was al-

lowed to amend his affidavit of illegality by adding:
" Said T. R. Lamar being then and there joint owner of
said mortgage with said E. B. Culver, the same being
'in his desk in his office, and he equally with the said
E. B. Culver entitled to collect from this deponent, said
mortgage having been written by and negotiated with
said T. R. Lamar; and while the note was made payable
to E. B. Culver, it was expressly understood that pay-
ments were to be made direct to said Lamar; . . and
deponent prays said T. R. Lamar may be made a party
plaintiff to this cause, and stand to and abide the re-
sults." The jury found in favor of the defendant, and
a motion for a new trial was overruled, upon condition
that defendant within ten days pay to the sheriff for the
use of plaintiff $25.94, and $14.79 attorney's fees, and all
costs. To the refusal of a new trial and to the ruling
allowing defendant to amend his affidavit of illegality
and in said amendment to make Lamar a party plaintiff
over objections, Culver excepted. In the Supreme
Court, a motion to dismiss the writ of error was made,
because Lamar was not a party to the bill of exceptions.

JORDAN & BURWELL and T. L. REESE, for plaintiff.